# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | Criminal No. 12-196 |
| | ) | Judge Nora Barry Fischer |
| EDWARD EUGENE ALLIE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the Court are Defendant's Motion to Dismiss, (Docket No. [41]), and Motion to Suppress, (Docket No. [43]), both filed on September 19, 2013.[1] The Government filed an Omnibus Response to Defendant's Pretrial Motions on October 1, 2013, opposing each in turn. (Docket No. [44]). A Motion hearing was then held on October 23, 2013, (Docket No. 47), and given the nature of the proceedings, a transcript was not ordered for production. Accordingly, these motions are ripe for disposition.

Upon consideration of the parties' submissions, the argument presented during the motion hearing and for the following reasons, Defendant's Motion to Dismiss [41] and Motion to Suppress [43] are DENIED.

### II. BACKGROUND

Defendant was charged by way of Indictment with one count of possession of a firearm or ammunition by a convicted felon on or about February 19, 2012 in violation of 18 U.S.C.

---

[1] Defendant also filed a Motion for Discovery on September 19, 2013, whereby he seeks information from the Pittsburgh City Police as to when or if police vehicles 3420 and 3425 were equipped with video or audio recording devices the night Defendant was arrested on February 19, 2012. (Docket No. 42). Defendant contends that these police vehicles had recently been equipped with video dashboard cameras and personal police audio recorders, and as such, he is entitled to these possibly exculpatory *Brady* materials. (*Id*.). The Government responds that the two arresting police officers explained that the police bureau did not activate this technology in their police vehicles until January of 2013. (Docket No. 44). This motion has been held in abeyance to afford Defendant the opportunity to subpoena the City of Pittsburgh Police for this information. (Docket No. 48).

§922(g)(1). (Docket No. 1). The Indictment alleges that Defendant knowingly possessed a Ruger, Model P89, 9mm caliber pistol, having been previously convicted of crimes punishable by imprisonment for terms exceeding one year for the following felony offenses: escape, on or about February 23, 2005; robbery, criminal conspiracy, receiving stolen property and prohibited possession of a weapon on or about February 4, 1999; firearms not to be carried without a license and resisting arrest on or about September 16, 1996; firearms not to be carried without a license and prohibited possession of a weapon on or about September 16, 1996; firearms not to be carried without a license and altering or obliterating marks or identification of firearms not to be carried without a license on or about November 3, 1995; and firearms not to be carried without a license and on or about May 4, 1995. (*Id*.). A conviction at Count One carries a potential term of imprisonment of no more than ten years. 18 U.S.C. §924(e). However, if Defendant has three previous convictions for a violent felony or serious drug offenses, then the term of imprisonment is not less than fifteen years to a maximum of life imprisonment. (*Id*.).

### III. MOTION TO DISMISS

In his motion to dismiss, Defendant argues that the Indictment "does nothing more than set forth the criminal history of the defendant." (Docket No. 41 at 1). He maintains that the Indictment is defective because it does not set forth any actual allegation which violates 18 U.S.C. §922(g)(1). (*Id*. at 1-2). Specifically, Defendant contended at the hearing that the portion of the Indictment which states that he "did knowingly possess in and affecting interstate commerce a Ruger, Model P89, 9mm caliber pistol" was referring to one of his prior felony convictions. (Docket No. 1). The Government responds that the Indictment tracks the statutory language by stating all of the required elements of the offense, and specifically states that

Defendant possessed the Ruger, Model P89, 9mm caliber pistol on February 19, 2012. (Docket No. 44 at 2).

An indictment must contain only "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). The Government correctly asserts that an indictment is adequate if it "(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." *United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012) (citation omitted), *cert. denied*, 133 S. Ct. 422 (2012). "Generally, an indictment will satisfy these requirements where it informs the defendant of the statute he is charged with violating, lists the elements of a violation under the statute, and specifies the time period during which the violations occurred." *Id*. (*citing United States v. Urban,* 404 F.3d 754, 771 (3d Cir. 2005)).

Defendant has been charged for being a felon in possession of a firearm, which requires that a person, who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, possess in or affecting commerce any firearm or ammunition. 18 U.S.C. §922(g)(1). In this Court's opinion, the Indictment filed against Defendant properly explains each element of this statute and the date upon which the alleged unlawful possession occurred. (Docket No. 1 at 1-2). It then includes a detailed explanation of the six separate instances in which Defendant has been convicted of a crime punishable by imprisonment for a term exceeding one year. (*Id*.). Finally, it specifically names the Ruger, Model P89, 9mm caliber pistol as the firearm in question. (*Id*.).

Therefore, Defendant's argument that the Indictment's language involving the recent possession of the Ruger firearm was in relation to one of his previous convictions is completely without merit. A plain reading of the Indictment demonstrates as much. To this end, a semicolon separates Defendant's previous convictions from the current allegation involving the unlawful possession of the Ruger. (*Id*. at 2). There is also more than half of a line of space following the semicolon before text begins on the preceding line which makes perfectly clear those sections are unrelated. (*Id*.). Additionally, if there was any question as to how the Ruger relates to Defendant's Indictment, the Ruger is specifically described as the basis of the Indictment in the forfeiture allegation section on the following page. (*Id*. at 3). Finally, Defendant has been provided with sufficient notice of the charges pending against him, as he has brought a corresponding motion to suppress where he avers that police conducted a search and "found a gun that is the basis of the current charges against defendant." (Docket No. 43 at 2).

Accordingly, Defendant's motion to dismiss is denied.

## IV. MOTION TO SUPPRESS

Defendant next moves to suppress the firearm that was seized during the search of the vehicle following a police stop wherein Defendant was riding as a passenger in a rear seat. (Docket No. 43). After the passengers exited the vehicle, a search was conducted, upon which the police found the firearm which is the basis of the Indictment. (*Id*.). Defendant contends that the initial search of the vehicle and subsequent discovery of the firearm were accomplished without exigent circumstances and in violation of his Fourth Amendments rights. (*Id*.). The Government argues, in turn, that Defendant's motion fails because he has provided no evidence of a possessory interest or legitimate expectation of privacy in the vehicle which was searched. (Docket No. 44 at 4).

4

Following the filing of a motion to suppress by a defendant, it is within the Court's discretion to decide if an evidentiary hearing should be scheduled. Fed. R. Crim. P. 12(c). To require a suppression hearing, "a suppression motion must raise 'issues of fact material to the resolution of the defendant's constitutional claim.' " *United States v. Hines*, 628 F.3d 101, 105 (3d Cir. 2010) (*quoting United States v. Voigt*, 89 F.3d 1050, 1067 (3d Cir. 1996)). "In addition, the suppression motion must be 'sufficiently specific, non-conjectural, and detailed to enable the court to conclude that (1) the defendant has presented a colorable constitutional claim, and (2) there are disputed issues of material fact that will affect the outcome of the motion to suppress.'" *United States v. Stanton*, Crim No. 11-57, 2012 WL 4815402 (W.D. Pa. Oct. 10, 2012) (*citing Hines*, 628 F.3d at 105). The burden of proof is on the defendant and is not shifted to the Government unless the defendant establishes a colorable basis for the claim. *United States v. Johnson*, 63 F.3d 242, 245 (3d Cir. 1995).

Thus, Defendant must present a colorable claim that the seizure of the firearm from a vehicle in which he was a passenger violated a constitutional right. "[C]apacity to claim the protection of the Fourth Amendment depends ... upon whether the person who claims the protection of the Amendment has a legitimate expectation of privacy in the invaded place." *Minnesota v. Carter,* 525 U.S. 83, 88 (1998) (citation and internal quotation marks omitted). Further, "a person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed." *Id.* at 134. It is well settled that "[p]assengers in cars, unlike owners or licensees, have no reasonable expectation of privacy in the interior of the vehicle in which they are riding." *United States v. Mosley*, 454 F.3d 249, 252-

53 (3d Cir. 2006). Therefore, such passengers "lack 'standing' to object to evidence discovered in a search of a vehicle." *Id*. (citing *Rakas v. Illinois*, 439 U.S. 128 (1978)).

Even though the Court afforded Defendant the opportunity to present evidence, he instead only provided argument which failed to provide support that he possessed any expectation of privacy in the searched vehicle. Defendant merely states that he was riding in the rear passenger seat of the vehicle during a traffic stop, which he has not argued was illegal. Consequently, Defendant has not raised any disputed issue of material fact and it is apparent that Defendant did not possess an expectation of privacy in the vehicle or the firearm which was seized. *See Mosley*, 454 F.3d at 252-53. Accordingly, Defendant does not have standing to challenge the seizure of the firearm and has not presented before the Court a colorable claim. *See Hines*, 628 F.3d at 105. Therefore, Defendant's motion to suppress is denied.

## V. CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss [41] and Motion to Suppress [43] are DENIED. An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: November 18, 2013

cc/ecf: All counsel of record.